All right, our third case for this morning is United States v. Gill. Mr. Sachs. Thank you, Your Honor. Good morning, Your Honor. It's Joshua Sachs for Defendant Ladonta Gill. This case, as Your Honor knows, is before the Court for the third time on appeal from Mr. Gill's sentence for his involvement in the Bostik drug conspiracy, of which there have been a number of decisions. We're here claiming that the sentence at this latest imposition of sentence is improper because the Court failed to allow acceptance of responsibility points and also because it's tainted by disparity between Mr. Gill's sentence and those of his co-defendants. It's a preliminary matter. Could I ask first before your preliminary matter, do you agree that the best Mr. Gill could do if he were to prevail on either of the points you mentioned would be to lop off 24 more months and bring his sentence down to the mandatory minimum of 240? I don't see any way below the mandatory minimum in this case. All right, so we're talking – I just want to make sure we all understood we're talking about 24 months. I believe we are. Okay. So the preliminary matter, the government suggests that Your Honors have a choice to make. Are defendants' arguments waived, in which case there's no review at all? Or are they merely forfeited, in which case they're subject to plain error review? And my response to that is neither. They're not waived. They're not forwarded. They're properly before this court, and the standard of review is the standard that applies to this particular kind of an issue, which insofar as it has to deal with acceptance of responsibility, has an element of fact involved. It's a clear error standard, and to the extent that it's factual, it's very different from deferential. What you seem to be saying is that no reasonable judge could have found that Gil did not deserve an acceptance of responsibility credit, but he was a fugitive for 10 months. He was a fugitive, Your Honor, and yet when you look at the many other cases in which the court upholds denial of acceptance of responsibility because of flight, what we usually see, and there are quite a few cases, the government has cited some cases. I've cited a number of them. The defendant has either left the jurisdiction, or what has happened very often, the defendant has already been arrested or has surrendered, and there are court proceedings going on. The defendant is released. He violates the release. He doesn't show up for a sentencing hearing. He doesn't show up for a plea hearing. He's hiding. None of that happened here. But where's the rule that says only really egregious flight, you know, you're trying to go to the south of France or something, counts, and ordinary flight, such as Gil seems to have engaged in, isn't something that the judge, within his discretion, can take into account? There are other ordinary flight cases where this has been done. There are. I don't believe that any court has ever propounded a rule that says ordinary flight is not sufficient. There is no such rule. There is no such rule. I see a pattern in the cases as to when our judges do recall that he… But that's a good argument to make to the district court judge, and I'm sure it was made, but it's not really for us. There are cases where flight very comparable to Mr. Gil's was found to preclude acceptance of responsibility, and I do think the judge had gotten pretty familiar with Mr. Gil by this time. He was saying, too, that Mr. Gil was not fully forthcoming. The judge just didn't think he really had seriously accepted responsibility. Well, there are a couple of unusual wrinkles here. Number one, the prosecutor asked for denial of acceptance because of obstruction, a serious obstruction, if the judge had given it. Well, and that could have led to an increase. He doesn't get any increase for obstruction. The judge, Judge Connelly, didn't allow the obstruction, didn't think that was warranted, but he… And Mr. Gil benefited from that decision. He did, but he didn't, as far as I recall. I didn't understand, and maybe I'm mistaken, that he specifically denied the acceptance because of the flight. Because of the flight. And also, he seemed to be, and this troubles me, Judge Connelly made a comment. He seemed to be under the impression that he could deny the guidelines, the correct guidelines, finally. He could deny the acceptance of responsibility if he were to make an adjustment in the 3553A factor. That's how I interpret a comment that he said, where he says, well, it didn't hurt him, I adjusted the sentence. It's quoted in my brief. I don't recall exactly what the words were. But he says, I think I know where you are, because I flagged this on page 41 of the transcript. He says, he's talking about the acceptance of responsibility. And he says it was about the whole issue of flight and attempting to avoid prosecution. So Mr. Bischoff makes the argument, well, I didn't do that for other people. Here's the best I can say about that. I think that the finding I made was correct, but it wasn't a factor in the sentence. And then I essentially gave him some responsibility. So I understand him to be saying, I did the best I could with the guidelines, but then I factored in whatever, you know, ambiguities there were about it at the 3553A level, which is just what he's supposed to do. Well, if he gets the guidelines right, and as I say, with respect to, we think he didn't. I understand there is a discretionary element involved with respect to Judge Cannelli, who I know he's put a lot of attention into this case, that's obvious. But we do believe he got it wrong. I'd be happy to address the... Mr. Bischoff, if you want to address your other point, you have a little bit of time. You can save it for rebuttal, whatever. Well, how many minutes do I have left for rebuttal? It's exactly what it says on the counter, two minutes and 34 seconds. I'll be very brief. I don't think the waiver forfeiture problem needs to cause us much concern. This court, the second time the case was here, this court ordered a remand for a complete resentencing. Had we not done that, we might be a little bit like Whitlow or Knorr or something else. The court did order a limited resentencing the first time it was here and explained the guidelines work not to be reconsidered. But the second time the case was here, the court said complete resentencing, everything's wide open. And Judge Connelly actually brought that up to the parties on page 12 and said, you know, I think I can hear this, but if the Court of Appeals has said anything that reflects on this, I'd like to know about it, and nobody said anything. And there was no objection from the government at that point. All right. I think the case is pretty well covered in the briefs, but I'll save my remaining minute and a half for rebuttal. Okay, thank you. Thank you. May it please the Court? Yes. Good morning. Deborah Bonamici on behalf of the United States. Your Honors, the district court did not clearly err in determining that a reduction for acceptance was not warranted in this case.  and that he had tried to avoid being arrested on them. At the first sentencing, defense counsel acknowledged that they could not contest the fact that the defendant had fled from the charges and tried to avoid prosecution. The defendant argued that there was unwarranted disparity because the district court had granted or had not denied acceptance to another defendant. This is Kirkendall? Kirkendall, right. And as the district court pointed out, that defendant was in a completely different category from the defendant. He pled to two phone counts for having allowed the use of his home for the gang's work for a short period of time, whereas LaDont Gill was a member of the conspiracy for over 10 years, was a high-ranking member after receiving numerous promotions over the years, had a lengthy criminal history, most of which didn't count in his criminal history score. Yeah, wound up being a one? Yes. Yeah. Because all of his conduct was counted as being part of the conspiracy, all of his drug charges. That was the reason. So the district court addressed the issues that were raised by the defendant and was well within its discretion in determining that acceptance was not warranted in this case. And as you previously discussed, in fact acceptance could have been denied on the sole basis of the incident involving Aaron Bagley, where the defendant went up to him at MCC, told him, you know, I hear you told the government that I confessed to the murder of D'Lo and then sent him a letter for him to rewrite and sign  Bagley thought that he could get away with it because it was technically true. The conversation they had had was in person and not on the telephone. The judge diced the facts pretty finely there in order to not grant an obstruction enhancement, but it certainly was sufficient to support the district court's finding that acceptance was not warranted. But the district court here really does, as Mr. Sachs was saying, seem to place it on the flight, as it were, the making himself scarce, I would say. That's correct, Your Honor. However, this court can affirm on any basis supported by the record, and the record certainly supports the district court's conclusion on other grounds other than the ones that the court stated. With respect to the waiver issue, it is a complicated thing when cases go back again and again. Particularly with opening it up to complete resentencing the second time around. That's true. But it is also the law that a defendant cannot cherry-pick issues and appeals over time and raise new appellate issues that were there from the beginning. But that's a pretty risky strategy since you don't know you're going to get those new appeals. Why doesn't this just leave us at forfeiture and plain error as opposed to waiver? Well, generally speaking, when you fail to raise an issue on appeal, it's a waiver, not a forfeiture. And in this case, there are definitely strategic reasons for picking and choosing when you go up on appeal. But you don't know you're going to get them. I mean, I guess it seems to me in this instance where this court opened it back up again, the fact that he didn't raise a point earlier, it strikes me, that we should count against him but not conclusively. That may be, Your Honor, but it seems to me that the rule about waiver in the appellate setting is designed to encourage defendants to bring whatever they want to bring in their initial appeal. Here the defendant had two appeals before this one and brought this issue up in neither one of them. That is why the government argued waiver in this case. This seems to be a pretty outrageous situation on that score. But either way, it doesn't matter what the standard of review is because this case should be affirmed under any standard of review. For the reasons that I've stated and the reasons stated in our brief, if the Court has no further questions, we would just ask that the Court. Judge Cannelli indicated he didn't want to see this back again, didn't he? Firmly. Yes, he did. That's true. Thank you, Your Honor. He's going to make a voodoo doll of us if we send it back again. Yes, Mr. Sachs, anything further? Very briefly, Your Honor. I recognize that it's never easy to come before any appellate court and ask for review of a discretionary ruling by a trial-level judge. Nevertheless, I continue to have a serious problem with the Judge Cannelli is, in my opinion, fudging the line between guideline conclusions of 3553A factors. If there's a place where I can really pin a nondiscretionary legal arrow at what he did, that would be it. I know he doesn't want to see this case again. That will not drive our decision, I assure you. We will decide it. Thank you, Your Honor. I have nothing else unless the Court has any questions. Did you practice criminal law back before the sentencing guidelines? I practiced criminal law before the sentencing guidelines. I practiced them during the mandatory guidelines. I practice now. God willing, I'll practice with what's coming next for a little while. My point is, with regard to discretion in sentencing, it was a lot different. It certainly was. And we thank you very much, Mr. Sachs, for taking the appointment. You're very welcome, Your Honor. We appreciate your efforts for your client. Thanks as well to the government. We will take the case under advisement.